IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VIET PHI NGUYEN, #19129-078 | § |
| | § |
| VS. | §   CIVIL ACTION NO. 4:19cv460 |
| | §   CRIMINAL ACTION NO. 4:11cr175(1) |
| UNITED STATES OF AMERICA | § |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Movant Viet Phi Nguyen filed a motion that was construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court warned Movant that re-characterization of a pleading as a § 2255 motion means any future § 2255 motions will be subject to restrictions on "second or successive" § 2255 motions pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003) . In response, Movant filed what is construed as a motion to dismiss his case (Dkt. #18). He states that he does not wish to pursue a motion pursuant to § 2255 at this time, and asked that it be dismissed.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)(1)(A) that provides, in pertinent part, the movant " may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice…states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the District Court is required. *In re Amerijet Int'l, Inc.,* 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Thus, once a movant has moved to dismiss under Rule 41(a)(1)(A)(I), the case is effectively terminated; the Court has no power or discretion to deny his right to dismiss or to attach any condition or burden to that right. *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir.

1976); *In re Amerijet Int'l, Inc.,* 785 F.3d at 973; *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (party has absolute right to dismiss his legal action under Rule 41(a) prior to the filing of an answer or motion for summary judgment).

In the present case, no answer or motion for summary judgment has been filed; thus, Movant is entitled to the voluntary dismissal of the case without prejudice. Movant's case was dismissed the moment the notice (Dkt. #18) was filed with the Clerk. Moreover, after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet Int'l, Inc.,* 785 F.3d at 973.

Accordingly, it is **ORDERED** that Movant's notice of dismissal (Dkt. #18) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. 41(a)(1)(A)(I). All motions by any party not previously ruled upon are **DENIED**.

**SIGNED this 20th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE